FRANK T. B. MARTIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES W. MARTIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8726, 8727. Promulgated April 27, 1928.

*C. J. Baird, Esq.*, for the petitioners.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: The main controversy here is whether the amount of $2,910 received by the partnership in each of the taxable years under the provisions of the lease as set forth in our findings of fact was income or installments on the repayment of a loan. The petitioners contend that, in effect, the remodeling of the building was done by the tenant with money loaned by the partnership. The respondent has determined that the cost of the improvements was borne by the partnership and that the annual payments to it by the tenant were rentals and should be included in income for the respective years in which they were received. On this point the terms of the lease appear to be conclusive. We are of the opinion that the receipts in question were rentals and should be included in the income of the partnership for each of the years in question, as determined by the respondent.

The alternative contention of the petitioners is not tenable as a factor in this controversy. Our opinion is that the entire cost of remodeling was an additional capital investment in the building. Even if we could accept the petitioners' theory that a part of the cost of remodeling should be regarded as expenses incurred in repairing its property, the deficiency here in question would not be affected since the alleged expenses were incurred and paid prior to the taxable years.

The record discloses that the amount of $402.88 due the partnership was charged off by a proper entry to profit and loss at December 31, 1921. The debtor concern had then been out of business for more than a year. Its successor disclaimed liability and refused payment in December, 1921. The partnership then threatened suit. The Omaha Outdoor Advertising Co. made a payment on this account in January, 1922, and prior to the hearing paid the entire debt. In these circumstances we are not convinced that the debt was a proper deduction from gross income for 1921, and the determination of the respondent on this issue is approved.

*Judgment will be entered on 10 days' notice, under Rule 50.*